UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID M. OLSON ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | NO. 3 07 0324 |
| ] | JUDGE HAYNES |
| JOHN M. GERMANIS ] | |
|     Defendant. ] | |

M E M O R A N D U M

Plaintiff, David M. Olson, an inmate at the Williamson County Jail, filed this pro se action under 42 U.S.C. § 1983 against the Defendant, John Germanis, a member of the Davidson County Bar.

The Defendant represented the Plaintiff in two criminal proceedings and Plaintiff's claim is that the Defendant's performance constitutes malpractice for which Plaintiff seeks damages.

To establish a claim under 42 U.S.C. § 1983, the Plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of some right secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Attorneys, even if appointed by the

courts, do not act "under color of state law" within the meaning of 42 U.S.C. § 1983 when representing a client. <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981); <u>Mulligan v. Schlachter</u>, 389 F.2d 231, 233 (6th Cir.1968). Thus, the Plaintiff's complaint fails to state a claim under 42 U.S.C. § 1983.

Accordingly, the Plaintiff's action must be dismissed. 28 U.S.C. § 1915A(a) and (b)(1).

An appropriate order will be entered.

_____
WILLIAM J. HAYNES, JR.
United States District Judge
3-19-07